I concur in the scholarly main opinion, except that I adhere to my special writings in Bethea v. Springhill Memorial Hospital,833 So.2d 1, 9-11 (Ala. 2002) (Johnstone, J., concurring in the rationale in part and concurring in the judgment), and Ex parteHodges, 856 So.2d 936, 949 (Ala. 2003) (Johnstone, J., concurring specially). The erroneous denial of a valid challenge for cause, unlike the erroneous grant of an invalid challenge for cause, leaves on the venire a member who is biased as a matter of law, relegates the challenging party to spending a peremptory challenge to keep this biased veniremember off the jury, thereby reduces the challenging party's number of peremptory challenges available for purely peremptory-challenge purposes, and thereby disadvantages that party in comparison to any opposing party whose peremptory-challenge rights have not been so infringed.
Therefore, except when the peremptory-challenge rights of all opposing parties to a case have been equally infringed by erroneous denials of valid challenges for cause, the erroneous denial of a valid challenge for cause should be reversible without any further proof or inference that the error resulted in an unfair jury. A fortiori, the multiple erroneous denials of the valid challenges for cause in the case now before us are reversible for the reasons explained in the main opinion.